UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:05CV-P4-R

**MARK ALLEN HARPER**                                                             **PLAINTIFF**

**v.**

**ERIC JACKSON** *et al.*                                                          **DEFENDANTS**

**MEMORANDUM OPINION**

The plaintiff filed this civil rights action under 42 U.S.C. § 1983 ("§ 1983"), and his complaint is before the court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the court will dismiss his civil action.

**I.  SUMMARY OF CLAIMS**[1]

This *pro se* plaintiff, Mark Allen Harper, is an inmate currently confined in the Eastern Kentucky Correctional Complex where he is serving an eleven-year sentence following his November 3, 2004, conviction for manufacturing methamphetamine. He is also serving a five-year sentence following his conviction of the same date for possessing a controlled substance.[2] The plaintiff brings this civil rights action against the following persons in both their individual

---

[1] Because the plaintiff did not file identical copies of his complaint when initiating this civil action, the court's decision is based upon a review of the original complaint, the additional copy that it directed to be filed, and the plaintiff's court-ordered clarification of a particular issue (DNs 1, 19, and 22, respectively).

[2] Information on the plaintiff's conviction and sentence can be found on the Kentucky Online Offender Lookup system, http://apps.corrections.ky.gov/KOOL/. It indicates that on March 5, 2004, the plaintiff committed the crimes of manufacturing methamphetamine and possessing a controlled substance.

and official capacities: Sgt. Eric Jackson and Officer Nathan Young of the Paducah Police Department.

On July 31, 2003, the plaintiff claims that Officer Jackson responded to a call from Wal-Mart's security office. Wal-Mart informed Officer Jackson that the plaintiff had purchased items which are described as "meth precurers." The Officer proceeded to the plaintiff's home where he handcuffed the plaintiff and placed him in the police cruiser for approximately four hours while awaiting a search warrant.[3] Thereafter, Officers Jackson and Young searched the plaintiff's home and subsequently charged the plaintiff with possession of "meth precursers" and trafficking in marijuana. The plaintiff claims that the officers denied him his right to speak with counsel while he was detained. On August 7, 2003, and on the prosecutor's motion, the district court dismissed the charges against the plaintiff.

On March 5, 2004, Officer Jackson obtained another search warrant for the plaintiff's home. In support of the warrant request, the plaintiff claims that Officer Jackson relied on the facts from the 2003 case which was ultimately dismissed. The Officer charged the plaintiff for possessing a meth lab even though he claims no such lab was found in his home. Notwithstanding his claims of innocence, the plaintiff was ultimately convicted of manufacturing methamphetamine and possessing methamphetamine. He now alleges that the 2003 detainment and the 2003 and 2004 searches of his home were unlawful. He seeks money damages.

---

[3]According to the investigative report that the plaintiff attached to his response (DN 19), a Deputy Knight handcuffed and placed the plaintiff in a cruiser after Officer Jackson left the scene in order to prepare a search warrant.

## II. STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.,* 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted, "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir. 2000).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364 (1982) (per curiam), a plaintiff is required to plead more than bare legal conclusions. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996); *see also Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Therefore, the complaint must contain either direct or inferential allegations respecting all the material elements to sustain

a recovery under some viable legal theory. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

### III.  ANALYSIS

#### A.  2003 Search and Seizure

The plaintiff claims that the July 31, 2003, search and seizure violated his federally protected constitutional rights.  The plaintiff's claim is barred by the applicable statute of limitations.  A district court must liberally construe the complaint in determining whether the action is time-barred and will dismiss claims only when the allegations of the complaint itself demonstrate that the cause is filed out of time. *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 702 (6th Cir. 1978).  It is generally inappropriate for the district court to raise the statute of limitations issue *sua sponte*.  *See Haskell v. Washington Township*, 864 F.2d 1266, 1273 (6th Cir. 1988).  Nevertheless, where the statute of limitations defect is obvious from the face of the complaint, *sua sponte* dismissal of the complaint is appropriate. *Norwood v. Mich. Dep't of Corr.*, No. 02-1779, 2003 WL 21221973, at *2 (6th Cir. May 23, 2003) (citing *Pino v. Ryan*, 49 F.3d 51, 53-54 (2d Cir. 1995)).

An action pursuant to § 1983 is subject to the forum state's statute of limitations for personal injury actions. *See Owens v. Okure*, 488 U.S. 235, 251 (1989).  For § 1983 actions originating in Kentucky, the appellate court had held that the applicable statute of limitations is one year. *Collard v. Ky. Board of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990) ("Accordingly, we conclude that section 1983 actions in Kentucky are limited by the one-year statute of limitations found in section 413.140(1)(a).").  The statute of limitations "begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action and that a plaintiff has

4

reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Id*. at 183. And, district courts must dismiss the time-barred claims as frivolous where appropriate. *Dellis v. Corrections Corp. of America*, 257 F.3d 508 (6th Cir. 2001).

The question here is whether the claim premised on the 2003 search and seizure was filed within one year from the time the plaintiff knew or should have known about the decision to dismiss the claims. The court's conclusion depends on *when* this particular cause of action accrued. The U.S. Supreme Court has specifically held that when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in his favor would necessarily imply the invalidity of his conviction or sentence. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). If it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id.* Where a prisoner challenges a conviction or sentence, the § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until such time that the conviction or sentence has been invalidated. *Id.* at 489-90. The same rationale applies to an arrestee, such as the plaintiff, who alleges an unconstitutional search and seizure. *Shamaeizadeh v. Cunigan*, 182 F.3d 3915 (6th Cir. 1999).

Here the plaintiff's § 1983 action premised on the 2003 search and seizure accrued on August 7, 2003, when the court dismissed the criminal charges. A review of the complaint, however, reveals that the plaintiff did not file his claim until December 29, 2004, [4] well after the

---

[4] Under the rule announced in *Houston v. Lack*, 487 U.S. 266, 270-72 (1988), the filing date for a prisoner's document is the actual date on which the prisoner submits his papers to prison authorities for mailing. *See, e.g., Burns v. Morton*, 134 F.3d 109, 112-13 (3d Cir. 1998).

one-year statute of limitations had expired. Accordingly, the court concludes that the claim is frivolous and must be dismissed.

**B. 2004 Search**

The plaintiff's claim with respect to the 2004 search of his home is not cognizable. He is currently serving time for evidence seized during the search. As the Sixth Circuit noted: "The language of *Heck* plainly refutes the argument that Fourth Amendment claims are exempted from the requirement that a conviction must be set aside as a precondition" for a § 1983 suit alleging an illegal search. *Schilling v. White*, 58 F.3d 1081, 1086 (6th Cir. 1995). In other words, a civil rights plaintiff, who argues a Fourth Amendment violation, must still show that success in his civil rights action would not imply the invalidity of his conviction.

Here, the plaintiff's challenge strikes at the very heart of his current criminal conviction. Thus, applying *Heck* and its progeny to this particular claim, the court concludes *Heck* bars the plaintiff's claims that the search of his home violated his federally protected constitutional rights. Because the plaintiff failed to meet the requirements set forth in *Heck*, his claim is not ripe for review and must be dismissed.

The court will enter an order which is consistent with this memorandum opinion.

Date:

cc:     Plaintiff *pro se*
        4413.002

---

Here, the plaintiff indicates that he submitted his complaint to the prisoner mail system for mailing on December 29, 2004.