UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:05CV-P4-R

**MARK ALLEN HARPER**                                                                                          **PLAINTIFF**

**v.**

**ERIC JACKSON** *et al.*                                                                                    **DEFENDANTS**

## OPINION AND ORDER

### I.  INTRODUCTION

On May 13, 2005, this court entered an opinion and order dismissing this civil rights action filed under 42 U.S.C. § 1983 by inmate Mark Allen Harper.  The plaintiff had sued two City of Paducah police officers in their individual and official capacities challenging their searches of his home and seizure of his person in 2003 and 2004.  The court concluded that the challenge to the 2003 search and seizure was untimely and that the challenge to the 2004 incident was barred by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).  On May 23, 2005, the plaintiff moved for reconsideration of the court's decision with respect to the 2003 claim.  For the reasons set forth below, the court will grant his motion in part and reinstate the matter to the active docket.

### II.  THE PLAINTIFF'S ARGUMENTS

In the motion for reconsideration, the plaintiff claims that the court erred with respect to its analysis of his challenge to the 2003 search and seizure.  This court concluded that the claim was untimely because the trial judge had dismissed the criminal charges associated with that incident in August of 2003, and the plaintiff did not file his complaint until after the applicable one-year statute of limitations had run.  The plaintiff argues that the state trial court did not

dismiss the charges against him until October 28, 2004. He maintains, therefore, that the claim was timely filed when he initiated this action in January of 2005.

### III. ANALYSIS

Because the plaintiff filed his motion within ten days of entry of the court's decision to dismiss, it will construe his motion as one seeking to alter or amend under Fed. R. Civ. P. 59(e). Rule 59(e) motions are generally granted for three principal reasons:

> (1) because of an intervening change in the controlling law; (2) because evidence not previously available has become available; or (3) necessity to correct a clear error of law or prevent a manifest injustice.

*Keweenaw Bay Indian Community v. United States*, 940 F.Supp, 1139, 1141 (W.D. Mich. 1996) (footnote and citation omitted); *see also GenCorp, Inc. v. American Intern. Underwriters*, 178 F.3d 804 (6th Cir. 1999). Reconsideration of a judgment after its entry is an extraordinary remedy, which should be used sparingly. 11 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, *Federal Practice & Procedure* § 2810.1 (2d ed. 1995). The plaintiff essentially invokes section (3) above, arguing that the court erred in its legal analysis of his claim.

Because a challenge to the 2003 search was not cognizable until such time that the trial court dismissed the criminal charges associated therewith, *see Heck v. Humphrey, supra*, this claim accrued on October 28, 2004, when the trial court dismissed the pending charges. Since the plaintiff filed the claim within one year after its accrual, it is timely.

Though the claim is timely, the court will nevertheless resurrect the individual capacity claims only as the plaintiff in bringing official capacity claims failed to establish the liability necessary to hold the City of Paducah legally responsible. Because official capacity claims are essentially claims against governmental entity for whom the officer works, *Will v. Mich. Dep't of*

*State Police*, 491 U.S. 58, 71 (1989) and *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994), the claims are essentially against the City of Paducah itself. To hold the City of Paducah liable, the plaintiff must demonstrate some official policy or custom caused an employee to violate his constitutional rights. *Deaton v. Montgomery County, Ohio,* 989 F.2d 885, 889 (6th Cir. 1993). None of the allegations set forth in the plaintiff's complaint established that the City of Paducah operated pursuant to a policy or custom of subjecting private citizens to unreasonable searches and seizures. In fact, the plaintiff makes no reference to a single policy or custom that could be the cause or moving force behind the constitutional deprivations he allegedly suffered. Because he failed to make the requisite allegations, the official capacity claims will not be resurrected. Accordingly,

      **IT IS HEREBY ORDERED** that the plaintiff's motion for reconsideration (DN 28) is **GRANTED in part** to the extent that he seeks resurrection of *individual* capacity claims against the defendants for the alleged unconstitutional search of his home and seizure of his person in July of 2003. The motion is **DENIED** in all other respects.

      **IT IS FURTHER ORDERED** as follows:

      1. The clerk of court is directed **to restore** the matter to the active docket.

      2. The clerk of court shall issue the summonses, and the United States Marshal shall serve a copy of the complaint (DN 1), amendment (DN 19), clarification (DN 22), and summons on **each** defendant in accordance with Rule 4 of the Federal Rules of Civil Procedure. A copy of the same shall also be sent to the City Attorney for Paducah, Kentucky.

3. The answer to the complaint shall be filed no later than 20 days after service of summons and complaint. Insofar as is practicable, the answer is to restate in separate paragraphs the allegations of the complaint, followed by the defendant's answer.

4. The parties shall serve upon opposing parties, or their counsel, a copy of each document filed in this action as required by the Federal Rules of Civil Procedure, including a certificate of service stating the date on which the copy was sent to opposing parties. Any paper received by the court which has not been filed with the clerk or which fails to include a certificate of service **MAY BE DISREGARDED** by the court.

5. The parties shall complete all pretrial discovery herein no later than **January 17, 2006**. As a requirement of discovery, the defendants' counsel shall produce to the plaintiff all records or documentation which are relevant to the claim proceeding at this time. Counsel shall certify that the production is complete. Within the same time, the plaintiff shall provide counsel for the defendants any records or documentation relevant to his remaining claim. He shall certify that production is complete. A party, who wishes to file discovery material, must comply with Fed. R. Civ. P. 5(d).

6. No later than **February 16, 2006**, the plaintiff shall file a pretrial memorandum, setting forth in detail all facts upon which he bases his claim in this matter against **each** defendant.

7. No later than **March 17, 2006**, the defendants shall file a pretrial memorandum. In lieu thereof, or if the plaintiff fails to file the required pretrial memorandum, the defendants may file any dispositive motions, including motions for summary judgment pursuant to Fed. R. Civ. P. 56.

8. Either party may file dispositive motions at any time after providing the discovery required above, or after providing sufficient reason why discovery is unnecessary for resolution of the pending motion. All dispositive motions shall be filed no later than **March 17, 2006**.

9. If any party wishes additional time to complete any of the actions directed above, a motion requesting any such extension must be filed with the court before any such deadline expires. Any such motion to extend any time should indicate the reasons for extension. The court will not grant an extension unless good cause is shown.

10. The plaintiff must provide written notice of a change of address to the clerk and to the defendant's counsel. *See* L.R. 5.2(d). And, his failure to notify the clerk of any address change or failure to comply with this or any subsequent order of the court **MAY RESULT IN A DISMISSAL OF THIS CASE**.

Date:

cc: Plaintiff *pro se*
 City Attorney for Paducah, Kentucky
 Clerk, Sixth Circuit (Case No. 05-5816)
 4413.002