# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT PADUCAH

## CIVIL ACTION NO. 5:05CV-P4-R

**MARK ALLEN HARPER**                                                          **PLAINTIFF**

**v.**

**ERIC JACKSON** *et al.*                                                           **DEFENDANTS**

## OPINION AND ORDER

Seeking damages, Plaintiff Mark Allen Harper filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 against the Paducah Police Department and two of its officers, Eric Jackson and Nathan Young, in their individual and official capacities (DNs 1 & 19). Alleging Fourth Amendment violations, Plaintiff contested a 2003 detainment of his person and search of his residence and a 2004 search of his residence. The Court initially dismissed all claims (DNs 26 & 27), but on motion for reconsideration, the Court reopened only the 2003 illegal detainment and search claims against Officers Jackson and Young in their individual capacities (DN 39). By Opinion and Order entered April 28, 2006, the Court granted Defendants' motion for summary judgment, finding that the 2003 claims were barred by the holding of *Heck v. Humphrey*, 512 U.S. 477 (1994), and certified that an appeal of the *Haring*[1]/guilty plea/*Heck* issue would be taken in good faith (DN 73). The Court further construed Plaintiff's rebuttal (DN 63) to Defendants' objections as a motion to reconsider the Court's prior dismissal of the 2004 claim.

---

[1] In *Haring v. Prosise*, 462 U.S. 306 (1983), the United States Supreme Court stated, "[W]hen a defendant is convicted pursuant to his guilty plea rather than a trial, the validity of that conviction cannot be affected by an alleged Fourth Amendment violation because the conviction does not rest in any way on evidence that may have been improperly seized." *Id.* at 321.

The motion to reconsider Plaintiff's 2004 illegal search claim is currently before the Court for consideration. Defendants filed a response (DN 77), and the matter is ripe for review.

In his motion, Plaintiff argues that the 2004 claim should be resurrected because "the 2004 claim was a direct result from the illegal 2003 search and seizure and both are related." (DN 63). This argument was raised by Plaintiff in his complaint, where he alleged "in March 2004 Mr. Jackson obtained a search-warrant based on facts from the 2003 case which was dismissed. He used the 'Fruit of the posiones tree' law to obtain the second warrent, since no evidence of a Meth Lab was discovered." (DN 1). In its May 13, 2005, Memorandum Opinion and Order dismissing the 2004 claim, the Court held,

> the plaintiff's [2004] challenge strikes at the very heart of his current criminal conviction. Thus, applying *Heck* and its progeny to this particular claim, the court concludes *Heck* bars the plaintiff's claims that the search of his home violated his federally protected constitutional rights. Because the plaintiff failed to meet the requirements set forth in *Heck*, his claim is not ripe for review and must be dismissed.

(DN 26). In his present motion, Plaintiff has offered no other arguments to cause the Court to reconsider this conclusion. To the extent, however, that Plaintiff may be relying on the Magistrate Judge's Opinion that a guilty plea[2] precludes application of the *Heck* doctrine, the Court has already considered and rejected that argument. *See* DN 73.

---

[2] In June 2004, Plaintiff entered a plea of guilty to Count 1, Manufacturing Methamphetamine, and to Count 3, First Degree Possession of a Controlled Substance, Methamphetamine (DN 77, Ex. A). On November 3, 2004, the McCracken Circuit Court entered final judgment sentencing Plaintiff to "eleven (11) years on Count 1 . . . and five (5) years on Count 3 . . . to run concurrent for a total of eleven (11) years but to run consecutive to the twelve (12) months imposed in 03-CR-00387 for a total sentence of twelve (12) years." *Id.*

**IT IS THUS ORDERED** that the motion to reconsider the 2004 illegal search claim (DN 63) is **DENIED**.  As in its prior Opinion and Order dismissing the 2003 claims, the Court nevertheless **certifies** that an appeal of the *Haring*/guilty plea/*Heck* issue would be taken in good faith.

Date:

cc:     Plaintiff, *pro se*
         Counsel of Record
         Clerk, Sixth Circuit (Case No. 06-5658)
4413.005