**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**
**CASE NO. 5:05-CV-4-R**

**MARK ALLEN HARPER**                                                                 **PLAINTIFF**

v.

**ERIC JACKSON, ET AL.**                                                        **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendants' Renewed Motion for Summary Judgment (Docket #96). The time for filing a response has expired. This matter is now ripe for adjudication. For the reasons that follow, Defendants' Motion is GRANTED.

PROCEDURAL HISTORY

Plaintiff filed a 42 U.S.C. § 1983 suit on January 4, 2005 against Defendant police officers, alleging that in 2003 they detained him and searched his residence in violation of the Fourth Amendment, and in 2004 they searched his residence in violation of the Fourth Amendment. On May 13, 2005, the Court dismissed Plaintiff's 2003 claim because it was untimely and dismissed Plaintiff's 2004 claim as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Upon Plaintiff's motion for reconsideration, the Court restored Plaintiff's individual capacity claims against the Defendants for the allegedly unconstitutional search and seizure in 2003. Defendants then filed a motion for summary judgment, arguing that the claims against them were either barred by the statute of limitations and/or by the doctrine set forth in *Heck*. The Court granted Defendants' motion on the grounds that *Heck* barred Plaintiff's claim.

On appeal, the Sixth Circuit reversed this Court's decision and held that *Heck* did not bar Plaintiff's suit because success on Plaintiff's claims would not necessarily imply the invalidity of

his conviction. *Harper v. Jackson*, No. 06-5658, 2008 WL 3315058, at *2 (6th Cir. Aug. 12, 2008). The Sixth Circuit explained that if Plaintiff succeeded, "his conviction would not necessarily be impugned because both the doctrine of inevitable discovery and the *Leon* good faith exception apply." *Id.*

Defendants now argue that they are entitled to summary judgment because Plaintiff's claim is untimely.

## BACKGROUND

On July 31, 2003, Defendant Jackson responded to a call from a Wal-Mart security employee, who reported that Plaintiff had purchased "meth precursors." Defendant Jackson then proceeded to the Plaintiff's home and detained him for approximately four hours while awaiting a search warrant. After securing the search warrant, Defendants Jackson and Young searched Plaintiff's home. Defendant Jackson subsequently arrested Plaintiff and charged him with unlawful possession of meth precursors, trafficking in marijuana and use/possession of drug paraphernalia.

The state district court dismissed the charge of possession of meth precursors on August 7, 2003, on motion of the prosecutor. The felony trafficking in marijuana charge was amended to a misdemeanor charge of possession of marijuana, and on June 8, 2004, Plaintiff entered a plea of guilty to the reduced charge of possession of marijuana and to the remaining misdemeanor charge of use/possession of drug paraphernalia. The McCracken Circuit Court entered final judgment and sentence on November 3, 2004, all charges to which Plaintiff pled guilty.

## STANDARD

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Moinette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

## DISCUSSION

Defendants argue that pursuant to the recent Supreme Court decision *Wallace v. Kato*, 549 U.S. 384 (2007), Plaintiff's claim is barred by the applicable statute of limitations. In *Wallace*, the Supreme Court held "that the statute of limitations upon a § 1983 claim seeking

3

damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." 549 U.S. at 1100.

An action pursuant to § 1983 is subject to the forum state's statute of limitations for personal injury actions. *See Owens v. Okure*, 488 U.S. 235, 250-51 (1989). For § 1983 actions originating in Kentucky, the appellate court had held that the applicable statute of limitations is one year. *Collard v. Ky. Board of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990) ("Accordingly, we conclude that section 1983 actions in Kentucky are limited by the one-year statute of limitations found in section 413.140(1)(a).").

Defendants detained Plaintiff and searched his home on July 31, 2003. Because Plaintiff did not file this action until January 4, 2005, his claims are barred by the applicable one-year statute of limitations.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendants' Renewed Motion for Summary Judgment is GRANTED. Accordingly, Plaintiff's Complaint is hereby dismissed. This is a final and appealable order.